PER CURIAM.*
|TCarrie Burse Merrill, a bus driver, filed the instant disputed claim for compensation against her employer, Greyhound Lines, Inc. (“Greyhound”), seeking indemnity benefits resulting from a work-related accident. After a trial on the merits, the Office of Workers’ Compensation (“OWC”) dismissed Ms. Merrill’s claim with prejudice.
Ms. Merrill appealed in a pro-se capacity. Although Ms. Merrill’s pro-se brief failed to make specific assignments of error, the court of appeal, sua sponte, reviewed the record under a manifest error standard.[1] Thereafter, the court of appeal reversed the OWC’s judgment, finding the medical evidence clearly demonstrates Ms. Merrill’s work-related accident caused an aggravation of a pre-existing condition in her back which necessitates surgery.
Greyhound now seeks review in this court. Greyhound argues it was prejudiced by the court of appeal’s action because it was not allowed to respond to the errors identified by the court of appeal. Greyhound asserts the court of appeal | ^should have ordered Ms. Merrill to assign errors or allow the parties an opportunity to brief the issues identified by the court of appeal.
Pursuant to La.Code Civ. P. art. 2129, an assignment of errors is not necessary in any appeal. Additionally, La.Code Civ. P. art. 2124 gives the appellate court authority to “render any judgment which is just, legal, and proper upon the record on appeal.” [2] Based on these codal authorities, we have held that an appellate court has the authority to consider an issue even when there is no assignment of error. Nicholas v. Allstate Ins. Co., 99-2522, pp. 7-8 (La.8/31/00), 765 So.2d 1017, 1022-1023; Georgia GulfCorp. v. Board of Ethics for Public Employees, 96-1907, pp. 5-6 (La.5/9/97), 694 So.2d 173, 176.
Nonetheless, commentators have suggested that in the event an appellate court decides to consider an issue not raised by the parties, it should afford the parties an *602 opportunity to brief the issue before rendering judgment:
An appellate court, vested with the authority to render any judgment that is just, legal and proper upon the record, may consider an issue raised for the first time on appeal or may even consider an issue not raised by the parties if is resolution is necessary for a proper judgment on the record. However, in the latter case the appellate court should notify the parties and afford them an opportunity to brief the un-raised issue before rendering a judgment based on that issue, [emphasis added]
1 FRANK L. MARAIST & HARRY T. LEMMON, LOUISIANA CIVIL LAW TREATISE — CIVIL PROCEDURE § 14.9 (2d ed.2008)
In our recent decision in Wooley v. Lucksinger, 09-0571 (La.4/1/11), 61 So.3d 507, 2011 WL 1205136, we found it was error for the court of appeal to reach an issue not briefed by the litigants, without giving the litigants notice of its sua sponte determination or ^providing the litigants with an opportunity to be heard on the issue. Wooley, 09-0571 at 65-66.
Applying this reasoning to the instant case, we find no error in the decision of the court of appeal to review issues not raised by the parties. However, having made the determination to review these issues, the court of appeal should have invited additional briefing from the parties prior to rendering judgment.
Accordingly, we will vacate the judgment of the court of appeal, and remand the case to the court of appeal to permit the parties to brief the question of whether the medical evidence demonstrates Ms. Merrill’s work-related accident caused an aggravation of a pre-existing condition in her back which necessitated surgery.
DECREE
For the reasons assigned, the judgment of the court of appeal is vacated and set aside. The case is remanded to the court of appeal for further proceedings consistent with this judgment.

 Kimball, C J., did not participate in the deliberation of this opinion.

. Apparently, Ms. Merrill's primary contention was she did not have adequate counsel at trial.

. See also Rule 1.3 of the Uniform Rules of the Courts of Appeal, which provides the court of appeal "will review only those issues which were submitted to the trial court and which are contained in specification or assignments of error, unless the interest of justice clearly requires otherwise" [emphasis added].