STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

MARILYN WILLIAMS HEDLESKY

VERSUS

STEVEN HEDLESKY

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2009-4392, DIVISION C
HONORABLE GUY BRADBERRY, DISTRICT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Billy Howard Ezell, and David Kent Savoie, Judges.

**REVERSED IN PART AND RENDERED; AFFIRMED IN PART.**

**Oliver Jackson Schrumpf**
**Schrumpf & Schrumpf**
**3801 Maplewood Drive**
**Sulphur, LA   70663**
**(337) 625-9077**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Marilyn Williams Hedlesky**

**Walter M.  Sanchez**
**B. Thomas Shea**
**The Sanchez Law Firm, L.L.C.**
**901 Lakeshore Drive, Suite 1050**
**Lake Charles, LA   70601**
**(337) 433-4405**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Steven Hedlesky**

**AMY, Judge.**

The property of the parties' former marriage was partitioned by a December 2013 judgment. In January 2015, the former wife filed a petition to annul judgment for fraud and ill practices, alleging that she had since discovered that her former husband made certain omissions in the detailed descriptive list filed in the partition proceeding. The former husband thereafter filed exceptions of no cause of action and prescription. The trial court sustained both exceptions and dismissed the suit. The former wife appeals. For the following reasons, we reverse in part and affirm in part.

## Factual and Procedural Background

By judgment rendered December 3, 2013, the trial court partitioned the community property of the parties' former marriage. The present matter was instituted when the plaintiff, Marilyn Williams Hedlesky (Ms. Williams),[1] filed a Petition to Annul Judgment on January 7, 2015, wherein she alleged that the partition judgment "was obtained through a series of fraud and ill practices . . . and said judgment should be declared null and void." In particular, Ms. Williams contended that Mr. Hedlesky failed to fully account for all of his assets and the separate debt that he brought into the marriage (and that was allegedly extinguished during the community regime). Through her petition and amending petition, Ms. Williams suggested that, had this additional information been included, the equalizing payment she was required to pay under the judgment

---

[1] The record and judgment on appeal in this case report the plaintiff's name as Marilyn Williams Hedlesky whereas her brief to this court prefers the usage of Marilyn Williams. For purposes of discussion, we reference the plaintiff as Ms. Williams, but maintain the formal name in the case caption and decree in order to maintain consistency with the record and docket.

would have been offset.[2]  In her request for relief, Ms. Williams sought annulment of the December 3, 2013 partition judgment "for fraud and ill practices, and for such equitable relief as may be proper under the circumstances, and for all costs of these proceedings."

Mr. Hedlesky thereafter filed exceptions of no cause of action and prescription.  He asserted that the December 2013 partition judgment was a final judgment as Ms. Williams' appeal of that ruling was dismissed in March 2014 on grounds of abandonment.  As for the exception of no cause of action, Mr. Hedlesky asserted that Ms. Williams alleged that the partition judgment became final at a time when her attorney was no longer appearing on her behalf.  Mr. Hedlesky argued, however, that attorney conduct does not serve as a basis for a nullity action.

As for the timeliness of the petition, Mr. Hedlesky suggested that the applicable prescriptive period for such an action was "one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices."  Mr. Hedlesky argued that to the extent Ms. Williams alleged that he incompletely reported his assets and liabilities, she was aware of such an alleged occurrence at the time of trial.  These events, Mr. Hedlesky argued, occurred more than one year before the filing of the January 7, 2015 petition to annul judgment.  Following a hearing, at which the trial court heard testimony and received evidence regarding prescription, the trial court granted both exceptions in favor of Mr. Hedlesky, dismissing Ms. Williams' petition(s).

---

[2] The "Partition Judgment" entered judgment against Ms. Williams and in favor of Mr. Hedlesky in the amount of $263,485.10.

2

Ms. Williams appeals, addressing both exceptions. We turn first to consideration of the exception of no cause of action as a prescription analysis necessarily rests upon the existence of a cause of action.

**Discussion**

*Exception of No Cause of Action*

The exception of no cause of action tests "the legal sufficiency of the petition by determining whether the law affords a remedy on the facts as alleged in the petition." *McCarthy v. Evolution Petroleum Corp.*, 14-2607, p. 4 (La. 10/14/15), _ So.3d _, _. (quoting *Scheffler v. Adams and Reese, LLP*, 06-1774, p. 4 (La. 2/22/07), 950 So.2d 641, 646.) "The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true." *Id.* The moving party must bear the burden of demonstrating that the petition sets forth no cause of action. *Jackson v. City of New Orleans*, 12-2742, 12-2743 (La. 1/28/14), 144 So.3d 876, *cert. denied*, _ U.S. _, 135 S.Ct. 197 (2014). As the exception raises a question of law, an appellate court conducts a de novo review of a trial court's ruling thereon. *Id.*

Ms. Williams' petition and amending petition advance a claim for annulment of the underlying judgment due to fraud or ill practices. *See* La.Code Civ.P. art. 2004(A)(providing that: "A final judgment obtained by fraud or ill practices may be annulled."). The supreme court has noted that La.Code Civ.P. art. 2004 is not applicable only to cases of actual fraud or intentional wrongdoing. *Wright v. Louisiana Power & Light*, 06-1181 (La. 3/9/07), 951 So.2d 1058 (quoting *Power Marketing Direct, Inc. v. Foster*, 05-2023 (La. 9/6/06), 938 So.2d 662). Rather, Article 2004 encompasses situations where a judgment is rendered through an

3

improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where enforcement of the judgment is unconscionable and inequitable. *Id.* However, a nullity action is not intended as a substitute for an appeal or a second chance to prove a claim previously denied due to insufficient proof. *Id.* (quoting *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-0149 (La. 10/16/01), 800 So.2d 762.) Rather, the purpose of the nullity action is to prevent injustice which cannot be corrected through a new trial and appeals. *Id.*

Pertinent to this matter, the supreme court has explained that "'[d]iscovery of evidence which could have been presented at the original trial usually cannot serve as the basis for an action for nullity'". *Wright*, 951 So.2d at 1068 (quoting *Gladstone v. American Auto. Ass'n*, *Inc.*, 419 So.2d 1219 (La.1982)) (alteration in the original). An unsuccessful litigant may not attack a judgment as fraudulent simply because the opposing party failed to disclose certain facts when the party attacking the judgment could have ascertained those facts with reasonable diligence. *Id.* Such a determination depends upon the nature of the information at issue and the circumstances surrounding the proceeding. *Id.* "Absent a specific discovery request or 'knowing concealment,' failing to disclose information that might have been helpful to the opposing party's case does not constitute fraud or ill practice if with, reasonable diligence, the party could have ascertained the information himself." *Id.* at 1074.

Having reviewed the petition and amending petition within this context, we conclude that the plaintiff set forth a cause of action for nullity. Both the petition and amending petition allege that Mr. Hedlesky failed to include evidence regarding his separate debt as would be necessary to accurately partition the former couple's community property. Under the standard of review, those facts must be

accepted as true. *McCarthy*, _ So.3d _. Ultimately, those broad allegations may not be demonstrated by sufficient evidence to satisfy the burden of proof required to prevail on a nullity action under La.Code Civ.P. art. 2004. *See, e.g., Wright*, 951 So.2d 1058 (wherein the supreme court determined that the petition's allegations stated a cause of action for nullity, but ultimately concluded that a motion for summary judgment was appropriately entered in favor of the defendants due to the plaintiffs' lack of proof of fraud and ill practices). However, determinations regarding the discoverability of such facts are dependent upon the information at issue and the circumstances surrounding the underlying proceeding. *Id.* Furthermore, in the preliminary context of the exception of no cause of action, all doubts are resolved in favor of the sufficiency of a petition so as to afford a litigant his or her day in court. *Jackson*, 144 So.3d 876.[3]

For these reasons, we find error in the trial court's granting of Mr. Hedlesky's exception of no cause of action. We reverse that ruling and deny the exception.

*Exception of Prescription*

Having found that the petition states a cause of action pursuant to La.Code Civ.P. art. 2004, we turn to consideration of the trial court's determination that Ms. Williams' claim was prescribed. In this regard, La.Code Civ.P. art. 2004(B) provides that: "An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices." This court has previously described this one-year period for the

---

[3] In his brief in opposition, Mr. Hedlesky notes that Ms. Williams alleged that judgment was entered at a time when her trial counsel was no longer representing her and that an issue of counsel's representation cannot serve as a basis for granting an action in nullity. *Citing DeBaillion v. Consol. Operating Co., Inc.*, 07-1117 (La.App. 3 Cir. 1/30/08), 975 So.2d 682. We do not address the opposing argument in this regard, having found that the petition adequately sets forth a cause of action regarding alleged conduct by Mr. Hedlesky.

institution of a suit to annul a final judgment as one of peremption rather than prescription. *See Thompson v. Thompson*, 14-963 (La.App. 3 Cir. 3/4/15), 159 So.3d 1121; *In re Succession of Bernat*, 13-277 (La.App. 3 Cir. 10/9/13), 123 So.3d 1277, *writ denied*, 13-2640 (La. 2/7/14), 131 So.3d 865.

"The burden of proving that an action of nullity is brought within one year of the discovery of the fraud or ill practice is upon the plaintiff." *Gennuso v. State*, 339 So.2d 335, 338 (La.1976); *See also Succession of Bernat*, 123 So.3d 1277. As described in Article 2004(B), the date of discovery is the date on which a plaintiff either knew, or should have known through the exercise of reasonable diligence, of facts sufficient to excite attention and put the plaintiff on guard and call for inquiry. *Id.* Such notice constitutes knowledge or notice of everything to which a reasonable inquiry may lead. *Id.* In the event that the parties introduce evidence in support of or in contravention of the exception of prescription, an appellate court considers a trial court's ruling under the manifest error standard of review. *Thompson*, 159 So.3d 1121.

On appeal, Ms. Williams first suggests that the matter is timely as it is a personal action subject to the ten-year prescriptive period of La.Civ.Code art. 3499. *See also* La.Civ.Code art. 2366; La.Civ.Code art. 2367.1. We reject this initial suggestion by Ms. Williams. Although the underlying subject matter pertained to the personal obligations of the former marriage, the instant matter is one strictly stemming from the petition to annul judgment.

Accordingly, we turn to Ms. Williams' remaining assertion that matter was under La.Code Civ.P. art. 2004, as she did not discover the alleged basis for her suit until early January 2015 when her present attorney discovered allegedly omitted separate debts of Mr. Hedlesky and informed her of such information. She

6

suggests that the nullity action was filed within one week after that date of discovery and is thus timely pursuant to Article 2004(B). After review, we find no merit in this position and leave the trial court's ruling undisturbed.

First, we note that the underlying partition judgment was signed by the trial court on December 3, 2013. Yet, the petition to annul was not filed until more than a year after that point, on January 7, 2015. At the hearing on the exception, Ms. Williams testified on her own behalf and explained to the court that, in January 2015, her new attorney informed her that she was entitled to reimbursement from Mr. Hedlesky for one-half of sums paid toward his separate mortgages. She further asserted that the attorney also informed her "of a whole lot of things that [she] didn't know." However, upon questioning by Mr. Hedlesky's attorney, Ms. Williams explained further regarding her feeling that something was wrong at the time of the March 2013 hearing date. She noted that she had discussed with her original attorney that she did not have in her possession various items that were attributed to her in the descriptive list. When she informed him "that not all that matches up, . . . he said that's okay. You're going to keep whatever and he's going to keep whatever and this doesn't matter." While she could not recall whether the conversation occurred on the date of the hearing or the day before the hearing, she explained that her feeling was that she did not have to worry because she and Mr. Hedlesky would keep whatever property they had. She stated that they then "came into court, and that I ended up with this huge judgment against me and that it's ridiculous[.]" Finally, opposing counsel questioned Ms. Williams regarding her receipt of the December 3, 2013 partition judgment at that time. Counsel inquired whether: "Knowing what had happened during the community property trial, you

7

saw that judgment and instantly thought something is not right here?" To which Ms. Williams responded: "That's correct."

Despite Ms. Williams' questioning of the substance of the documentation provided to the trial court at the time of the March 2013 hearing and to the accuracy of the December 3, 2013 partition judgment at that time, the petition to annul was not filed until January 7, 2015 after new counsel purportedly investigated Mr. Hedlesky's representations further. We find no manifest error in the trial court's determination that this period well exceeded the one-year period provided for by La.Code Civ.P. art. 2004(B) had expired. Recall that, in *Succession of Bernat*, 123 So.3d 1277, a panel of this court determined that the one-year period of Article 2004(B) begins to run when the plaintiff either knows or should have known, with the exercise of reasonable diligence, facts sufficient to excite attention and put the plaintiff on guard and to call for inquiry. Significantly, Ms. Williams explained to the court that she felt that the parties would leave the partition hearing each retaining the property in their possession. However, the resulting partition judgment cast her in judgment for $263,485.10 and did so upon a submission she testified that she felt was faulty at the time of the hearing. Certainly, these facts support a determination that Ms. Williams was in possession of facts to put her on guard and call for inquiry at that time. *See Id.*

For these reasons, we do not find that the trial court was manifestly erroneous in granting the exception of prescription.

This assignment of error lacks merit.

**DECREE**

For the foregoing reasons, the trial court's judgment is reversed to the extent it granted the exception of no cause of action filed by the defendant—appellee,

8

Steven Hedlesky.  The exception of no cause of action is hereby denied.  The trial court's ruling granting the exception of prescription and dismissing the plaintiff's Petition to Annul Judgment and First Amending and Supplemental Petition to Annul Judgment is affirmed.  Costs of this proceedings are assessed equally to the plaintiff—appellant, Marilyn Williams Hedlesky, and the defendant—appellee, Steven Hedlesky.

**REVERSED IN PART AND RENDERED;  AFFIRMED IN PART.**