BONIN, J.,
CONCURS IN PART AND DISSENTS IN PART WITH REASONS.
hi respectfully dissent from the majority opinion with respect to the issue of costs of *520 defense owed to S. E. Funeral Homes of Louisiana, L.L.C. because I find that the trial judge was not clearly wrong and was reasonable in her factual determination that the Sublease governed the rights of-the parties under it and is applicable.[1] Under the Sublease, S. E. Funeral Homes of Louisiana, L.L.C., which has been found free from any fault or liability to the plaintiffs, was entitled to full cost.of defense, including its attorney’s fees.
I concur in. the remainder of the majority’s decision. First, I. too, like JUDGE LOVE in her concurring opinion, am of the view that the majority’s discussion of apportionment of fault among the defendants in this case is wholly dicta. No party raised the issue. While our authority to review trial court judgments is not limited by assignments of error, see La. C.C.P. art. 2128, and we may raise issues on our own, see Merrill v. Greyhound Lines, Inc., 10-2827 (La. 4/29/11), 60 So.3d 600, here the panel raised an issue but became wholly satisfied that a “just, legal, and proper” decision could be made without deciding the issue raised by us but not by the parties. La. C.C.P. art. 2164. See also Nicholas v. Allstate Ins. Co., 99-2522, p. 7 (La. 8/31/00), 765 So.2d 1017, 1022-1023. Second, I concur in the results with respect to majority’s decision as it pertains to Fireman’s Charitable and Benevolent Association. The insurance policy provided coverage and defense to the Association. In all other respects, I fully join the majority opinion. • . •
ON APPLICATIONS FOR REHEARING
_JjIn two separate applications, parties-, defendant (one by Fireman’s Charitable & Benevolent Association and United Fire & Indemnity Company, jointly, and one by First Baptist Church of New Orleans, First Baptist Church of New Orleans Foundation, and Church Mutual Insurance Company, jointly), seek a rehearing of our decision of 26 October 2016. After a careful and detailed analysis of the applications, we. grant a rehearing in the following matter only:
On page 43 of our original opinion, we change the percentage of 57.5% to 42.5%. See La. C.C.P. arts. 2164 and 2129. In all other respects, the applications for rehearing are denied.
GRANTED IN PART; pENIED IN PART