| STERLING HAYES | * | NO. 2021-CA-0752 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| CITY OF NEW ORLEANS | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-09034, DIVISION "F-14"
Honorable Jennifer M. Medley
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Dale N. Atkins)

**ATKINS, J., CONCURS IN THE RESULT**

Sterling Hayes
6001 Paris Avenue
New Orleans, LA 70122

  PLAINTIFF/APPELLANT

Daniel T. Smith
Shawn Lindsay
Churita H. Hansell
Donesia D. Turner
CITY ATTORNEY
CITY OF NEW ORLEANS
1300 Perdido Street, Room 5E03
New Orleans, LA 70112

  COUNSEL FOR DEFENDANT/APPELLEE

               **AFFIRMED**
              **AUGUST 3, 2022**

This appeal arises from ordinance violations assessed against appellant, Sterling Hayes' properties. Mr. Hayes appeals the trial court's November 2, 2021 judgment, denying his petition for appeal and dismissing the case without prejudice. For the reasons that follow, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 24, 2019, the City of New Orleans Department of Code Enforcement (the "City") inspected Mr. Hayes' properties located at 2709 N. Dorgenois Street, 2501 Painters Street, and 2503 Painters Street in New Orleans. The inspector observed eight violations of city ordinances: sanitation; rodent harborage; paint or protective treatment; cracked windows; hazardous structure; deteriorated metal surfaces; deteriorated rafters; and loose or missing handrails.[1]

---

[1] The Code of the City of New Orleans ("CCNO") violations included:

    (1) CCNO 26-157 (Exterior property area-Sanitation)
    (2) CCNO 26-161(a) (Rodent harborage)
    (3) CCNO 26-167(b) (Paint or Protective Treatment)
    (4) CCNO 26-179 (Window, skylight, door frames)
    (5) CCNO 26-163 (Accessory structures and fences)
    (6) CCNO 26-167(d) (Metal Surfaces)
    (7) CCNO 26-169 (Structural members)
    (8) CCNO 26-178 (Handrails and guardrails)

1

On July 3, 2019, the City sent a notice of hearing to Mr. Hayes for the alleged violations.

On July 31, 2019, Mr. Hayes' properties were re-inspected. The inspection report reflected that Mr. Hayes remedied some of the violations. An administrative hearing was held on August 6, 2019. After hearing arguments and considering the evidence introduced, the hearing officer deemed Mr. Hayes' properties a blight and public nuisance, pursuant to the Code of the City of New Orleans ("CCNO"), Sections 26-236 and 26-237.[2] Further, the hearing officer imposed a $2,875.00 fine ($500 for each violation not remedied, $100 for each abated violation, and $75 in hearing costs). The administrative judgment was signed on August 6, 2019.

Thereafter, on August 28, 2019, Mr. Hayes filed a petition for appeal with the Civil District Court for the Parish of Orleans. The City opposed the petition for appeal. On November 2, 2021, the trial court denied the petition for appeal and dismissed the matter without prejudice.

On November 5, 2021, Mr. Hayes timely appealed the trial court's judgment. This appeal follows.

**DISCUSSION**

Mr. Hayes' *pro se* appellate brief contains no assignments of error.[3] However, Louisiana law does not require an appeal to contain assignments of error. *See* La. C.C.P. art. 2129. "When an appeal does not contain any assignments of error, the appellate court has the authority to identify and address issues raised

---

[2] CCNO Section 26-236 provides in pertinent part that for any vacant "residential premises that is uninhabitable and hazardous because its physical condition constitutes a threat to public health and safety . . . the property may be declared a blight and public nuisance by a hearing officer." CCNO Section 26-237 provides for a blight and public nuisance order.

[3] Rule 2-12.4(A)(5), Uniform Rules, Louisiana Courts of Appeal provides in pertinent part that the brief of the appellant shall contain assignments of alleged errors.

within the appeal and render any judgment that is just, legal, and proper upon the record on appeal." *Honore' v. Dep't of Pub. Works*, 2014-0986, p. 10 (La. App. 4 Cir. 10/29/15), 178 So.3d 1120, 1127-28 (citing La. C.C.P. art. 2164; *Byrd v. Dep't of Police*, 2012-1040, pp. 12-13 (La. App. 4 Cir. 2/6/13), 109 So.3d 973, 982; *Merrill v. Greyhound Lines, Inc.*, 2010-2827, p. 2 (La. 4/29/11), 60 So.3d 600, 601).

In light of Mr. Hayes' *pro se* status, we consider the merits of his appeal. Mr. Hayes argues that the City violated administrative procedure articles by not providing notice to him at least fifteen days prior to the administrative hearing. Mr. Hayes further argues that the City violated his rights by not having a record of alleged violations that occurred in 2005 and 2013. Mr. Hayes contends that he observed a resident unloading asphalt onto the sidewalk adjacent to one of his properties and reported it to the City; however, prior to the August 6, 2019 hearing, notice of violations were affixed to his properties.

### *Standard of Review*

The standard of appellate review on appeals taken from administrative proceedings involving violations of city ordinances is set forth in *Nola Bourbon, LLC v. City of New Orleans*, 2019-0847, p. 2 (La. App. 4 Cir. 1/29/20), 290 So.3d 225, 227 (quoting *DMK Acquisitions & Properties, L.L.C. v. City of New Orleans*, 2013-0405, p. 8 (La. App. 4 Cir. 9/18/13), 124 So.3d 1157, 1163):

> A party aggrieved by a final agency decision in an adjudication proceeding is entitled to have that decision reviewed initially by the district court of the parish in which the agency is located. La. R.S. 49:964(A)(1) and (B). The district court acts in the capacity of an intermediate appellate court. A party aggrieved by the district court's decision is entitled to appeal to the appropriate appellate court as in other civil cases. La. R.S. 49:965. When an appellate court reviews the district court's judgment, no deference is owed by the appellate court to the district court's fact findings or legal conclusions, "'just as

3

no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Thus, an appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the district court.'" *Bourgeois v. Louisiana State Racing Comm'n*, 2010-0573, p. 7 (La. App. 4 Cir. 11/12/10), 51 So.3d 851, 856 (quoting *Smith v. State, Dep't of Health and Hospitals*, 39,368, pp. 4-5 (La. App. 2d Cir. 03/02/05), 895 So.2[d] 735, 739).

The standard of appellate review of an administrative agency's decision is distinct from and narrower than that which applies to ordinary civil and criminal appeals. *Reaux v. Louisiana Bd. of Med. Examiners*, [20]02-0906, p. 3 (La. App. 4 Cir. 5/21/03), 850 So.2d 723, 726. The exclusive grounds upon which an administrative agency's decision may be reversed or modified on appeal are enumerated in La. R.S. 49:964(G) of the Administrative Procedure Act ("APA"). *Armstrong v. Louisiana State Bd. of Medical Examiners*, [20]03-1241, pp. 9-11 (La. App. 4 Cir. 2/18/04), 868 So.2d 830, 837-38.

La. R.S. 49:964(G) provides that "the court may affirm the decision of the administrative agency or remand the case for further proceedings." Additionally, La. R.S. 49:964(G) states:

> The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
>
> (6) Not supported and sustainable by a preponderance of evidence as determined by the reviewing court. In the application of this rule, the court shall make its own determination and conclusions of fact by a preponderance of evidence based upon its own evaluation of the record reviewed in its entirety upon judicial review. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by first-hand observation of demeanor on the

4

witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.

La. R.S. 49:964(G).

*Notice*

Mr. Hayes contends that the City violated administrative procedures by not giving him notice of the August 6, 2019 hearing. CCNO Section 6-36 addresses administrative procedures and provides in pertinent part:

(a) Whenever the city agency having enforcement responsibility determines that a Code violation exists, a notice of violation(s) shall be provided to the owner(s).

(b) A notice of violation(s) shall:

(1) Be in writing;

(2) Provide the municipal address of the cited property;

(3) Provide the date of the inspection;

(4) Provide notice of alleged Code violation(s) at the cited property;

(5) Provide the mailing address and telephone number of the enforcement agency;

(6) Provide the time, date and location of the administrative hearing whereby the alleged Code violation shall be adjudicated;

(7) Provide notice that the failure to appear at the hearing shall be considered an admission of liability for the alleged violation(s);

(8) Provide the risk of fees, penalties, costs, and liens that may be imposed for continued violation(s); and

(9) Provide the risk of remedial measures that may be ordered by a hearing officer to correct or abate Code violation(s).

(c) Prior to holding an administrative hearing pursuant to this article, the alleged violator shall be notified at least 15 days in advance of the date that such a hearing is scheduled. Notice shall be personally served or sent to the alleged violator by regular and certified or

registered U.S. Mail at the address listed in the assessor's office of the parish. The date of the postmark shall be deemed to be the date of delivery. Any notification so sent and returned by the U.S. Post Office shall be considered as having fulfilled the notification requirement. Proof of notification and attempts at service shall be entered in the record for each case prior to the hearing.

In the present matter, the record reflects that on July 3, 2019, the City sent a notice of hearing to Mr. Hayes via Certified U.S. Mail. The notice was in writing, included the municipal addresses of the cited properties, provided that the properties were inspected on January 24, 2019, and included a list of the alleged violations. The notice further provided that Mr. Hayes was ordered to appear at a hearing at "1:15 p.m., Tuesday, August 6, 2019 at 1340 Poydras Street, Suite 1100." The notice detailed the risk of failing to appear, that a penalty of $500.00 per violation may be ordered, and that the hearing officer may order any necessary and lawful measures to correct or abate any violation. Further, the notice was sent approximately a month before the scheduled hearing.

Based on our review of the record, we find that Mr. Hayes was notified pursuant to CCNO Section 6-36.

### The Violations

Next, Mr. Hayes argues that his rights were violated by the City not having a record of alleged violations that occurred in 2005 and 2013. We note that the notice of hearing was issued for violations that were observed on January 24, 2019. Records of alleged violations that occurred in 2005 and 2013 were not relevant. Therefore, we find no merit to Mr. Hayes' argument.

Mr. Hayes further argues that on or about June 17, 2019, he observed a resident unloading asphalt onto the sidewalk adjacent to one of his properties and reported it to the City.

At the administrative hearing, the City introduced the January 24, 2019 inspection report that provided a list of violations found on Mr. Hayes' properties. The City also introduced photographs that depicted the condition of Mr. Hayes' properties on July 31, 2019. Further, the City presented the July 31, 2019 inspection report that provided that the rodent harborage, window, paint, and structural violations were abated. The record does not reflect that Mr. Hayes received a notice of violation for asphalt on the sidewalk adjacent to one of his properties.

"The proceedings and findings of an administrative agency are presumed to be legitimate and correct." *Mystery House, LLC v. City of New Orleans*, 2020-0014, p. 6 (La. App. 4 Cir. 11/25/20), --- So.3d ----, 2020 WL 6938379, at * 3 (citing *Reaux v. La. Bd. of Med. Exam'rs*, 2002-0906, p. 2 (La. App. 4 Cir. 5/21/03), 850 So.2d 723, 726). "The burden of proof is on the appellant to demonstrate any grounds for reversal or modification." *Id.* As referenced above, a reviewing court may reverse or modify an administrative judgment if the administrative findings or decision have prejudiced the appellant. *See Nola Bourbon*, 2019-0847, p. 3, 290 So.3d at 228; La. R.S. 49:964(G). The evidence presented at the administrative hearing established that Mr. Hayes was in violation of city ordinances referenced in his notice. Therefore, we find that Mr. Hayes did not present any grounds for reversal or modification of the administrative judgment.

**CONCLUSION**

For the reasons assigned, we affirm the trial court's November 2, 2021 judgment, denying Mr. Hayes' motion for appeal and dismissing the case without prejudice.

**AFFIRMED**