# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 22-444


NICKIE LEJEUNE

VERSUS

KAYLA FONTENOT,  M.D.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 21-C-4166-A
HONORABLE GREGORY JAMES DOUCET, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## GARY J. ORTEGO
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of D. Kent Savoie, Van H. Kyzar, and Gary J. Ortego, Judges.


**AFFIRMED.**

Pierre F. Gremillion
Attorney at Law
3500 N. Hullen St
Metairie, LA 70002
(504) 495-3165
COUNSEL FOR PLAINTIFF/APPELLANT:
    Nickie LeJeune

J. Ryan Pierret
Judice & Adley
P. O. Drawer 5179
Lafayette, LA 70505-1769
(337) 235-2405
COUNSEL FOR DEFENDANT/APPELLEE:
    Kayla Fontenot, M.D.

**ORTEGO, Judge.**

This medical malpractice case comes before this court on a granted exception of no cause of action to Plaintiff's petition for nullity. The petition for nullity collaterally attacks a judgment finding Plaintiff's medical malpractice action prescribed, based on Plaintiff's assertion that the judgment was obtained by fraud or ill practices by Defendant's counsel in failing to reveal or concealing the dismissal of the medical review panel to the trial court and, in the alternative, in lulling Plaintiff's counsel to believe the medical review panel was still pending. We find no error by the trial court in sustaining the exception of no cause of action as to Plaintiff's petition for nullity.

### FACTS AND PROCEDURAL HISTORY

On June 24, 2019, Nickie Lejeune (Lejeune) underwent gynecological surgery performed by Dr. Kayla Fontenot (Defendant). According to Lejeune, Defendant breached the standard of care in performing that surgery. On July 10, 2020, Lejeune filed a request for a medical review panel under La.R.S. 40:1231.1, et. seq. On September 22, 2020, Defendant motioned the 27th Judicial District Court to open a discovery docket, which was granted.

On May 5, 2021, the Patient's Compensation Fund sent a certified letter to Lejeune's counsel advising that an attorney chairperson needed to be appointed to the medical review panel by July 10, 2021, or the Patient's Compensation Fund would dismiss the claim.

On May 25, 2021, Defendant filed with the district court an exception of prescription based on initial discovery and pertinent medical records indicating that Lejeune's claim was prescribed prior to Lejeune filing a request for a medical review panel. The hearing on this exception was set for July 9, 2021, but then reset to August 27, 2021.

In the meantime, no action was taken by Lejeune or Defendant to choose an attorney chairperson. Therefore, Lejeune's claim before the medical review panel was dismissed by operation of law on July 10, 2021, for failure to appoint an attorney chairperson timely.

On August 27, 2021, a hearing was held on Defendant's exception of prescription. On that date, at the conclusion of the hearing, the district court issued a judgment dismissing Lejeune's medical malpractice claim, finding it had prescribed. Further, the district court ordered that Lejeune's claim pending before the Patient's Compensation Fund be dismissed based on the judgment. The order to dismiss Lejeune's claim pending before the Patient's Compensation Fund was moot as the claim had previously been dismissed by operation of law on July 10, 2021. Lejeune did ***not*** appeal the September 9, 2021 judgment dismissing her medical malpractice claims, thereby rendering that judgment ***final***.

Thereafter, on November 16, 2021, Lejeune filed a petition for nullity of the September 9, 2021 judgment based on allegations of fraud or ill practices by Defendant's counsel. In response, Defendant filed an exception of no cause of action. The hearing on Defendant's exception was held on February 4, 2022. The district court issued a judgment granting the exception on March 7, 2022.

Lejeune appeals the March 7, 2022, judgment, raising two assignments of error. Defendant answers the appeal, addresses Lejeune's assigned errors, and raises one issue for review.

### ASSIGNMENTS OF ERROR - LEJEUNE

1. Whether [the] District Court had subject matter jurisdiction to render Judgment on [an] Exception of Prescription when [the] Medical Review Panel proceeding had been dismissed by operation of law.

2

2.      Whether [the] District Court erred in granting [Defendant's] Exception of No Cause of Action dismissing Lejeune's Petition for Action of Nullity.

## ISSUE FOR REVIEW - DEFENDANT

1.      Whether the district court appropriately denied defendant's Motion for Attorney's Fees.

## LAW AND DISCUSSION

*I.      Standard of Review*

The applicable standard of reviewing whether a court below had subject matter jurisdiction is de novo as the issue raises a question of law. *Adkins v. City of Natchitoches*, 14-491, (La.App. 3 Cir. 11/5/14), 150 So.3d 646. As such, we must review this issue using the same criteria that governs any court's adjudication of the matter.

"The appellate court reviews an award of attorney's fees for an abuse of discretion." *Covington v. McNeese State Univ.*, 12-2182, p. 6 (La. 5/7/13), 118 So.3d 343, 348.

*II.      Preliminary Matter*

Defendant contends that this court cannot address Lejeune's first assigned error because she did not properly plead an action for the absolute nullity of the trial court's judgment granting Defendant's exception of prescription based on a lack of subject matter jurisdiction. Defendant argues that Lejeune's raising of this issue is an attempt to improperly relitigate the previously granted exception of prescription. Therefore, according to Defendant, this court should not address Lejeune's first assignment of error.

An exception to subject matter jurisdiction can be raised at any time. *Canal/Claiborne, Ltd. v. Stonehedge Dev., LLC*, 14-664 (La. 12/9/14), 156 So.3d 627. This court, in *Wells v. Fruth, Jamison & Elsass, PLLC*, 14-826, pp. 4-5

(La.App. 3 Cir. 2/4/15), 158 So.3d 216, 220-21 (alterations in original), addressing a situation where no party raised the issue of subject matter jurisdiction, stated:

> Judgments may be collaterally attacked if they are absolutely null. As stated in La.Code Civ.P. art. 2002, lack of subject matter jurisdiction renders a judgment absolutely null. "The issue of subject matter jurisdiction addresses the court's authority to adjudicate the cause before it." *Boudreaux v. State, Dep't of Transp. & Dev.*, 01-1329, p. 7 (La.2/26/02), 815 So.2d 7, 13. If the court lacks the authority to render judgment, said judgment has no legal existence. *Taylor v. Hixson Autoplex of Alexandria, Inc*., 00-1096 (La.App. 3 Cir. 3/28/01), 781 So.2d 1282, *writ not considered*, 01-1539 (La.9/14/01), 796 So.2d 670.
>
> Lack of subject matter jurisdiction has not been raised by any party in this suit. The Louisiana Supreme Court in *Merrill v. Greyhound Lines, Inc.*, 10-2827, p. 2 (La.4/29/11), 60 So.3d 600, held that an appellate court has the authority to consider an issue even when there is no assignment of error. Pursuant to La.Code Civ.P. art. 2129, "an assignment of errors is not necessary in any appeal." Additionally, La.Code Civ.P. art. 2164 gives the appellate court authority to "render any judgment which is just, legal, and proper upon the record on appeal." "Based on these codal authorities, [the Louisiana Supreme Court has] held that an appellate court has the authority to consider an issue even when there is no assignment of error." *Merrill*, 60 So.3d at 601.
>
> Furthermore, "the court has a duty to examine subject matter jurisdiction sua sponte, even where the litigants have not raised the issue." *Adkins v. City of Natchitoches*, 14-491, p. 8 (La.App. 3 Cir. 11/5/14), 150 So.3d 646, 650 (citations omitted). "[L]ack of subject matter jurisdiction can be raised at any time, even by an appellate court on its own motion." *Gray v. Hosp. Servs. of Louisiana, Inc*., 97-1686, p. 3 (La.App. 3 Cir. 6/10/98), 715 So.2d 563, 564.

Defendant claims that Lejeune's petition for nullity is an attempt to collaterally attack the trial court's previous judgment granting Defendant's exception of prescription. It is of no consequence that Lejeune did not raise an exception of subject matter jurisdiction in her petition for action of nullity. Established jurisprudence and statutory interpretation mandates that this issue can and must properly be addressed by this court. Accordingly, we will conduct a de novo review using the same criteria that governs any court's adjudication of whether a court has subject matter jurisdiction.

*III.* *Lejeune's Assignment of Error Number One - Trial Court's Subject Matter Jurisdiction to Render Judgment on Defendant's Exception of Prescription*

Lejeune argues in her first assignment of error that the trial court erred in granting Defendant's exception of no cause of action as to Plaintiff's petition for nullity, as the trial court lacked subject matter jurisdiction to hear Defendant's exception of prescription. Defendant argues that even if the trial court lacked subject matter jurisdiction to hear its exception of prescription, Lejeune's claim for medical malpractice is nevertheless prescribed. Further, Defendant points out that the district court had subject matter jurisdiction to hear Defendant's exception of prescription regardless of whether Lejeune's claim was dismissed by the Patient's Compensation Fund citing, La.R.S. 40:1231.8(B)(2)(a) and La.R.S. 9:5628(A).

La.R.S. 40:1231.8(B)(2)(a) states:

> A health care provider, against whom a claim has been filed under the provisions of this Part, may raise peremptory exceptions of no right of action pursuant to Code of Civil Procedure Article 927(6) or any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.

La.R.S. 9:5628(A), in pertinent part, states

> No action for damages for injury or death against any physician, . . .whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

In the case before us, we begin with La.Const. art. 5, § 16, which grants a district court "original jurisdiction of all civil and criminal matters." A medical malpractice claim, such as the one originally alleged by Lejeune, is a civil matter.

5

A temporal limitation of the district court's ability to exercise that jurisdiction when hearing a medical malpractice claim is contained in La.R.S. 40:1231.8(B)(1)(a)(i), which states, "[n]o action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section." This barring of commencement of an action in a district court prior to the claim's presentation to a medical review panel merely adds an administrative process that a claim must undergo prior to adjudication by a district court. It does not divest the district court of original jurisdiction. Evidence of this distinction is that use of the medical review panel can be waived, as it was in this case, by the parties' failure to appoint an attorney chairperson, while subject matter jurisdiction cannot. La.Code Civ.P. art. 925; *Wilson v. City of Ponchatoula*, 09-303 (La. 10/9/09), 18 So.3d 1272.

Filing suit in a district court prior to undergoing this administrative process is premature. See *Spradlin v. Acadia–St. Landry Med. Found.*, 98-1977 (La. 2/29/00), 758 So.2d 116. This prematurity is not to be mistaken with a divestiture of subject matter jurisdiction, as the district court has subject matter jurisdiction over these matters as they go through the mandated administrative process. Louisiana Revised Statutes 40:1231.8(B)(2)(a), when read in conjunction with La.R.S. 9:5628(A), provides an example wherein the prematurity of hearing the certain exceptions is cured while a medical review panel is still performing the administrative process. No subject matter jurisdiction over the claim is removed or added by the Louisiana Medical Malpractice Act. Original and subject matter jurisdiction is always with the district court.

In this case, we are dealing with a situation where a claim was filed by Lejeune with the Patient's Compensation Fund, but the claim never underwent the

administrative process because the parties failed to appoint an attorney chairperson timely. Louisiana Revised Statutes 40:1231.8(A)(2)(c) states, in pertinent part, the following:

> An attorney chairman for the medical review panel shall be appointed within one year from the date the request for review of the claim was filed. . . . If the board has not received notice of the appointment of an attorney chairman within one year from the date the request for review of the claim was filed, then the board shall promptly send notice to the parties by certified or registered mail that the claim has been dismissed for failure to appoint an attorney chairman and the parties shall be deemed to have waived the use of the medical review panel.

This statute has been interpreted to mean that when a claim currently in the pre-trial medical review panel process is dismissed by operation of law when the parties fail to appoint an attorney chairperson timely, the singular effect is both parties waive the use of the medical review panel. *Turner v. Willis Knighton Med. Ctr.*, 12-703, 12-242 (La. 12/4/12), 108 So.3d 60; *Estate of Nicks v. Patient's Compensation Fund Oversight Bd.*, 05-1624 (La.App. 1 Cir. 6/21/06), 939 So.2d 391. Further, La. R.S. 40:1299.47(A)(2)(c) plainly indicates that both parties are charged with the appointment of an attorney chairman.

Lejeune argues that because the claim was dismissed by operation of law the trial court somehow lost subject matter jurisdiction over this matter. We find this conclusion misguided.

Defendant sought and was granted a discovery docket in the district court. Such a discovery proceeding is "a procedural mechanism to facilitate prosecution of the ultimate action, i.e., a medical malpractice suit. . . . and has no independent basis, except as a preliminary or related component of the anticipated medical malpractice suit." *Perritt v. Dona*, 02-2601, p. 11, n. 12 (La. 7/2/03), 849 So.2d 56, 64.

7

Here, the district court, regardless of when the medical review panel was dismissed, had subject matter jurisdiction over Defendant's exception of prescription heard under the docket number Defendant opened on September 20, 2020, as a preliminary or related component of Lejeune's anticipated medical malpractice suit. Accordingly, we find Lejeune's first assignment of error lacks merit.

IV.  *Defendant's Exception of No Cause of Action*

Lejeune's final assignment of error is that the district court erroneously granted Defendant's exception of no cause of action and dismissed her petition for action of nullity. Defendant counters that Lejeune fails to allege in what way any fraud or ill practice prevented her from asserting any claims or defenses. Further, Defendant asserts that Lejeune fails to allege how the judgment in question is unconscionable or inequitable. As such, according to Defendant, Lejeune fails to state a claim for which relief can be granted.

The supreme court, in *Agrifund, LLC v. Radar Ridge Planting Co., Inc.*, 19-1528, p. 1 (La. 11/25/19), 283 So.3d 492, stated the following:

> The peremptory exception of no cause of action is set forth in LSA-C.C.P. art. 927(A)(5) and tests the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged. LSA-C.C.P. art. 927(A)(5); *Vince v. Metro Rediscount Co., Inc.*, 18-2056 (La. 2/25/19), 264 So.3d 440. The exception is triable on the face of the petition alone, and all facts pled in the petition, or shown in any documents annexed thereto, must be accepted as true. *Calloway v. Lobrano*, 2016-1170 (La. App. 1 Cir. 4/12/17), 218 So.3d 644; see also LSA-C.C.P. arts. 931 and 853 ("A copy of any written instrument that is an exhibit to a pleading is a part thereof.") An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim that would entitle him to relief. If the petition states a cause of action on any ground or portion of the demand, the exception should generally be overruled. Every reasonable interpretation must be accorded the language used in the petition in favor of maintaining its sufficiency and affording the plaintiff the

8

opportunity of presenting evidence at trial. *Badeaux v. Southwest Computer Bureau, Inc.*, 05-0612 (La. 3/17/06), 929 So.2d 1211; *State, by and through Caldwell v. Astra Zeneca AB*, 16-1073 (La. App. 1 Cir. 4/11/18), 249 So.3d 38, 42.

Louisiana Code of Civil Procedure Article 2004 states:

A. A final judgment obtained by fraud or ill practices may be annulled.

B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

This court, in *Hedlesky v. Hedlesky*, 15-837, pp. 3-4 (La.App. 3 Cir. 2/3/16), 187 So.3d 510, 514, addressed La.Code of Civ. P. art. 2004 stating:

> The supreme court has noted that La.Code Civ.P. art. 2004 is not applicable only to cases of actual fraud or intentional wrongdoing. *Wright v. Louisiana Power & Light*, 06-1181 (La.3/9/07), 951 So.2d 1058 (quoting *Power Marketing Direct, Inc. v. Foster*, 05-2023 (La.9/6/06), 938 So.2d 662). Rather, Article 2004 encompasses situations where a judgment is rendered through an improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right, and where enforcement of the judgment is unconscionable and inequitable. *Id.* However, a nullity action is not intended as a substitute for an appeal or a second chance to prove a claim previously denied due to insufficient proof. *Id.* (quoting *Belle Pass Terminal, Inc. v. Jolin, Inc.*, 01-0149 (La.10/16/01), 800 So.2d 762.) Rather, the purpose of the nullity action is to prevent injustice which cannot be corrected through a new trial and appeals. *Id.*

Thereafter, this court further noted that "an action for nullity is not . . . the solution to legal rights lost through one party's negligence or failure to act." *Alexander v. State, Department of Children & Family Services*, 18-154, p. 7 (La.App. 3 Cir. 6/6/18), 249 So.3d 95, 100 (quoting *State, Dep't of Soc. Servs., Office of Family Support in Interest of Glass v. Robinson*, 31,025 (La.App. 2 Cir. 9/23/98), 718 So.2d 609).

In looking to the case before us, we must test whether Lejeune's petition for nullity was legally sufficient, first by presuming all facts alleged in it and in the attached documents are true. Next, we are to adjudicate whether Lejeune has a remedy in the law based on those facts taken as true. Finally, we are to determine whether Lejeune was deprived of a legal right to where enforcing the underlying judgment would be both inequitable and unconscionable.

Lejeune's petition states that Defendant, "obtained a Judgment on Exception of Prescription through fraud or ill practices in accordance with Louisiana Code of Civil Procedure article 1004."

First, we note that Lejeune's petition incorrectly cites La.Code of Civ.P. art. 1004, rather than La.Code Civ.P. art. 2004, cited above, and throughout. We will address the matter looking to La.Code Civ.P. art. 2004.

After the conclusory statement cited in the paragraph above, Lejeune alleges, in her petition for nullity, in pertinent part:

3.

Subject to the Medical Malpractice Act, Defendant was required to appoint an attorney chairperson within one year of the date of filing a request for a Medical Review Panel. (Exhibit "B"). Defendant failed to appoint an attorney chairperson within one year; and thus, Medical Review Panel proceeding was dismissed by operation of law on July 10, 2021.

4.

At the hearing on August 27, 2021 for Defendant's Exception of Prescription, Defendant concealed and/or failed to disclose to the Court that the underlying Medical Review Panel proceeding had been dismissed on July 10, 2021.

. . . .

6.

Defendant's Exception for Prescription was moot and a fraud upon the court.

10

7.

Defense counsel's misrepresentation to the Court and to Plaintiff's counsel in an emailed letter dated July 27, 2021, "Upon review of our file, an attorney chairperson has yet to be appointed to the panel in connection with the Nickie Lejeune matter. Please advise …" is fraud or ill practices in accordance with Louisiana Code of Civil Procedure article 1004 (Exhibit "C").

The facts alleged in Lejeune's petition for nullity and attached exhibits, when taken as true, mandates this court to presume, as fact, that Defendant's counsel lulled Lejeune's counsel into believing that the medical review panel was still pending via an email dated July 27, 2021, when, in fact, the record shows that the medical review panel had been dismissed by operation of law on July 10, 2021. Further, we are to presume, as fact, that Defendant's counsel, on August 27, 2021, when the exception for prescription was heard, "concealed and/or failed to disclose" to the trial court that the medical review panel was dismissed by operation of law on July 10, 2021. However, this also is contrary to the record before us.

Ignoring the conclusionary and suspect nature of these presumed facts, Lejeune's petition for nullity and attached exhibits still must fail. Neither allege any fact or cite any law as to how the pendency of the medical review panel impacted the proceedings for Defendant's exception of prescription granted on September 9, 2021. There is no allegation of fact, much less even an argument presented to this court, that Lejeune's belief that the medical review panel was still pending somehow prevented her from asserting any claims or defenses to Defendant's exception of prescription. Further, the petition for nullity makes no allegation of fact or presents any connection between how the judgment granting Defendant's exception of prescription, while clearly depriving Lejeune of the legal right to continue to pursue her claim, is unconscionable or inequitable.

Additionally, there is no allegation by Lejeune in the petition for nullity that Defendant counsel's conduct prevented her from filing her suit timely or prevented the trial court from properly adjudicating Defendant's exception of prescription. Finally, there is no alleged fact that Lejeune's belief that the medical review panel was still pending prevented her from appealing the grant of Defendant's exception of prescription. The record clearly shows that Lejeune did nothing to prevent that judgment of September 9, 2021, dismissing her medical malpractice claims, from becoming final.

The only argument presented to this court that the pendency of the medical review panel could have somehow been relevant to Defendant's exception of prescription proceedings was based upon the same unsuccessful argument presented above regarding the district court's subject matter jurisdiction. We found above that the pendency of the medical review panel had no bearing on the district court's subject matter jurisdiction over Defendant's exception of prescription. Likewise, here, Lejeune has alleged no facts indicating that the pendency of the medical review panel had any impact on Lejeune's ability to protect her claim against Defendant's exception of prescription heard on August 27, 2021.

Moreover, we note it is clear from the record that Lejeune's counsel had notice of Lejeune's claims before the medical review panel would be dismissed due to failure to appoint an attorney chairperson by July 10, 2021. That responsibility, by law, is equally shared by Lejeune and Defendant. Evidence of such notice is provided by a May 5, 2021, letter from the Medical Malpractice Compliance Director addressed to *Lejeune's counsel* that states, "*you* are hereby notified that the referenced medical malpractice panel request will be **dismissed** due to *your* failure to appoint an attorney chairperson within one year from the date

of filing as indicated above." The letter further indicates that the "**AC Appointment Due Date:** 7/10/2021."

Thus, and to preserve Lejeune's medical malpractice claims in this matter, Lejeune's counsel merely had to *timely* file Lejeune's petition with the district court, which the record shows she failed to accomplish.

Therefore, we find that Lejeune's final assignment of error lacks merit. Even if we take all alleged facts from Lejeune's petition for nullity and attachments as true, Lejeune has no remedy at law. Defendant's exception of prescription is a final judgment, and Lejeune has alleged no facts that provide any basis to attack the validity of that judgment. As such, we affirm the trial court's dismissal of Lejeune's claim for nullity for failure to state a cause of action.

## V. *Trial Court's Denial of Defendant's Request for Attorney's Fees*

Next, Defendant raises the issue of whether the trial court appropriately denied attorney's fees requested.

Louisiana Code of Civil Procedure Article 2004 states:

A. A final judgment obtained by fraud or ill practices may be annulled.

B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.

C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

As noted above, the applicable standard of review to a trial court's grant or denial of attorney's fees is abuse of discretion. Defendant prevailed in Lejeune's action to annul a judgment on the alleged grounds of fraud or ill practices. Thus, under La.Code of Civ.P. art. 2004(C), the trial court *may* award attorney's fees. Here, the trial court noted the denial of Defendant's request for attorney's fees was

13

based on Lejeune deserving a day in court and Lejeune's counsel making a valid argument. We find nothing in the record that warrants the upsetting of the trial court's decision.

**DECREE**

Nickie Lejeune raises two assignments of error related to the underlying judgment dismissing her petition for nullity for failure to state a cause of action. The first is that the trial court lacked subject matter jurisdiction to issue a judgment dismissing her claim as prescribed, thereby rendering her petition for nullity valid. The second is that her petition for nullity states a cause of action attacking the validity of the judgment signed on September 9, 2021, dismissing her claim as prescribed based on the fraud or ill practices of Dr. Kayla Fontenot's counsel in lulling Nickie Lejeune's counsel into believing that the medical review panel was still pending at that time and concealing and/or failing to disclose to the trial court that the medical review panel had been dismissed by operation of law on July 10, 2021, prior to the August 27, 2021 hearing.

We find that the trial court had subject matter jurisdiction to issue the judgment dismissing Lejeune's claim as prescribed, and in granting Defendant's exception of no cause of action as to her petition for nullity. Further, we find that that the pendency of the medical review panel was not relevant to whether Lejeune's claim was prescribed.

Finally, Dr. Kayla Fontenot raised a single issue for review, that the trial court abused its discretion in denying her attorney's fees, under La.Code Civ.P. art 2004. We find no abuse of discretion by the trial court in denying Dr. Fontenot attorney's fees.

Costs of these proceedings are assessed to Nickie Lejeune.

**AFFIRMED.**

14